# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2021

Lyle W. Cayce
Clerk

No. 19-11309

———

Christopher Sean Capshaw,

*Plaintiff*,

*versus*

Bryan K. White, M.D., *Individually*,

*Defendant*,

_____

United States of America, *ex rel.*, Kevin Bryan; Franklin Brock Wendt,

*Plaintiffs—Appellants*,

Boyd & Associates; Marchand & Rossi, L.L.P., *now known as* Marchand Law, L.L.P.,

*Appellants*,

*versus*

Bryan K. White, M.D., *Individually*; Be Gentle Home Health, Incorporated, *doing business as* Phoenix Home Health Care; Suresh Kumar, R.N., *Individually*; Goodwin Home Health Services, Incorporated; Vinayaka Associates, L.L.C., *doing business as* A&S Home Health Care; Goodwin Hospice, L.L.C.; North Texas Best Home

HEALTHCARE, INCORPORATED; EXCEL PLUS HOME HEALTH, INCORPORATED; PHOENIX HOSPICE, INCORPORATED; ONE POINT HOME HEALTH SERVICES, L.L.C., *formerly known as* ONE POINT HOME HEALTH, L.L.C.; HOME HEALTH PLUS, INCORPORATED; INTERNATIONAL TUTORING SERVICES, L.L.C., *formerly known as* INTERNATIONAL TUTORING SERVICES, INCORPORATED, *doing business as* HOSPICE PLUS; CURO HEALTH SERVICES, L.L.C., *formerly known as* CURO HEALTH SERVICES, INCORPORATED; HOSPICE PLUS, L.P.,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-4457
USDC No. 3:13-CV-3392

---

Before JOLLY, STEWART, and OLDHAM, *Circuit Judges.*

PER CURIAM:*

*Qui tam* relator Christopher Capshaw sued Bryan White, Suresh Kumar, and other defendants under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*. In addition to violations of the FCA, Capshaw alleged violations of the Federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, and a federal statute known as the Stark Law, 42 U.S.C. § 1395nn. Specifically, he alleged that White and Kumar "knowingly set up a system of kickbacks and illegal referrals" between American Physician House Calls ("APH") and health care companies that White and Kumar owned. This enabled White

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

and Kumar to "substantially bill" and "receive payment from" Medicare—but only after falsely certifying they had complied with all applicable laws.

Nine months later, Appellants Kevin Bryan and Franklin Wendt filed a similar action against the same and similar defendants. They too alleged violations of the FCA, the Anti-Kickback Statute, and the Stark Law. They too alleged that White and Kumar "directed and committed . . . illegal kickbacks in order to increase [their] . . . number of patients." And they too alleged that APH was "an important source of patient referrals." But Bryan and Wendt's complaint was not completely identical to Capshaw's. In addition to seeking relief under the FCA, they relied on "analogous Texas statutes" like the Texas Medicaid Fraud Prevention Act ("TMFPA"). And in addition to describing a kickback scheme involving APH, they alleged that White and Kumar offered kickbacks to nursing homes, assisted living facilities, and hospitals too.

The district court dismissed Bryan and Wendt's claims under the FCA's first-to-file bar, which prohibits relators from bringing "a related action based on the facts underlying" a pending FCA *qui tam* action. 31 U.S.C. § 3730(b)(5). The court determined that Bryan and Wendt's "add[itional] factual details" and "analog[ous]" TMFPA claims were not sufficient to render their action "unrelated" to Capshaw's. So the first-to-file bar applied. The district court subsequently denied Bryan and Wendt's motion for reconsideration.

Despite the district court's dismissal, Bryan and Wendt entered a settlement agreement that released the defendants from their FCA and TMFPA claims and reserved the right "to assert their claims for reasonable expenses, attorney's fees, and costs." Bryan and Wendt later filed three motions for attorney's fees. The district court denied all of them because the first-to-file bar meant Bryan and Wendt were not proper parties to the *qui*

*tam* action. Bryan and Wendt filed a motion for reconsideration, which the district court also denied. This appeal followed.

We affirm "for essentially the reasons stated by the district court." *Razvi v. Guarantee Life Ins.*, 254 F.3d 1080 (5th Cir. 2001) (per curiam) (unpublished). The district court thoroughly examined the issues in five separate decisions and faithfully applied the statutory text and our precedent in doing so. We see no reason to disturb or expound upon its rulings.

AFFIRMED.